**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOSHUA T. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10917** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC, ET AL** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Defendants' Motion to Change Venue, R. Doc. 14. Plaintiff responds in opposition. R. Doc. 20. Having heard oral argument and considered the parties' briefs and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This case arises from injuries Plaintiff Joshua Lewis sustained when he slipped and fell while exiting the vessel to the outside deck of the M/V STEVE RICHOUX. R. Doc. 1 at 2. Plaintiff alleges that Defendants Marquette Transportation Company, LLC ("Marquette") and Marquette Transportation Company Gulf Inland, LLC ("Marquette Gulf Inland") owned and operated the M/V STEVE RICHOUX. R. Doc. 1 at 2. Plaintiff worked for Marquette Gulf Inland and was assigned to the M/V STEVE RICHOUX in the capacity of relief mate. R. Doc. 1 at 2. Plaintiff alleges that the deck of the vessel was not properly coated or covered with a nonskid surface. R. Doc. 1 at 2. Plaintiff Lewis alleges that he sustained a knee injury when he fell. Plaintiff alleges damages of past and future mental and physical pain and suffering, past and future lost wages, past and future medical expenses, found, loss of enjoyment of life and any and all other related damages and expenses allowed by law. R. Doc. 1 at 3. Plaintiff also demands maintenance and cure. R. Doc.

1 at 3. Plaintiff brings this claim under the Jones Act and general maritime law. R. Doc. 1 at 1. Plaintiff has also filed an amended complaint requesting judgment because the Defendant has not answered the complaint. R. Doc. 4. The Court granted Defendants an extension of time to answer the complaint. R. Doc. 9.

Defendants answer the complaint generally denying the allegations. R. Doc. 11. Defendants also allege the following defenses: failure to state a claim, contributory negligence, assumption of risk, failure to mitigate damages, and preexisting conditions. R. Doc. 11. Defendants also aver that Lewis is not a Jones Act seaman. R. Doc. 11 at 4. Defendants request that the Court transfer venue because Plaintiff executed a Venue Selection Agreement mandating that any future suit against Marquette arising out of the matters alleged in the Complaint and First Amending Complaint must be brought in Kentucky federal or state court. R. Doc. 11 at 5.

Plaintiff has voluntarily dismissed its claims against Marquette. R. Doc. 21.

## II.  PRESENT MOTION

Defendants move the Court to transfer the case to the Western District of Kentucky or dismiss without prejudice. R. Doc. 14. Defendants allege that Plaintiff signed a forum-selection agreement covering personal injury/Jones Act claims. R. Doc. 14-1 at 2. Defendants further allege that Plaintiff confirmed this agreement in deposition testimony. R. Doc. 14-1 at 2.

Plaintiff responds in opposition. R. Doc. 20. Plaintiff argues that the forum-selection agreement only applies to Defendant Marquette and not to Defendant Marquette Gulf Inland. R. Doc. 20 at 1.

## III.  LAW & ANALYSIS

### a.  Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, under 28 U.S.C. § 1404(a), there exists a threshold inquiry of whether the suit originally could have been brought in the venue where the action is sought to be transferred. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("In applying the provisions of § 1404(a), we have suggested that the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."). After this has been established, the court must consider whether the transfer would serve the convenience of the parties and witnesses and the interest of justice.

The court is afforded broad discretion in deciding whether good cause exists such that transfer pursuant to Section 1404(a) will serve the interest of justice. "The moving party bears the burden of demonstrating that the case should be transferred to an alternate forum." *See Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 608 (E.D. La. 2000). "[U]nless the balance is strongly in favor of the defendant . . . , the Plaintiff's choice of forum is not to be disturbed." *In re McDonnell-Douglas Corp.*, 647 F.2d 515, 517 (5th Cir. 1981).

Here, it is clear that the balance is strongly in favor of Plaintiff's choice of forum. The relevant events took place in Louisiana, all the witnesses are in Louisiana, and Defendants regularly conduct business in Louisiana.

### b. Forum-Selection Clause

Defendants argue that this venue consideration is unnecessary because Plaintiff signed a forum-selection agreement. In federal question cases, federal law governs the enforceability of the forum selection clause. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Under federal law, forum selection clauses are presumed

enforceable, and those resisting enforcement of such a clause bear the burden of proof. *Ginter v. Belcher, Prendergast & LaPorte*, 536 F.3d 439, 441 (5th Cir. 2008) ("[F]orum-selection clause[s] should be upheld unless the party opposing its enforcement can show that the clause is unreasonable."). The Court presumes that the forum-selection agreement is enforceable. However, Plaintiff avers that Marquette Gulf Inland may not enforce it because Marquette Gulf Inland is not a party to the agreement.

"The words of a contract must be given their generally prevailing meaning." La. Civ. Code. art. 2047; *see also Cadwallader v. Allstate Insurance Company, et al.*, 2002-1637 (La. 6/27/03), 848 So.2d 577, 580. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code. art. 2046. Here, the agreement states that it is between Marquette Transportation Company, LLC and Joshua Travis Lewis. No mention is made of Marquette Gulf Inland or Marquette's "subsidiaries." Because this agreement is clear on its face regarding the parties, the Court may not go outside the four corners of the document to decipher the parties' intent. Therefore, the Court finds that the forum-selection agreement is between Marquette and Lewis alone and is not enforceable by Marquette Gulf Inland. Because Marquette is no longer a party to this lawsuit, the forum-selection agreement is no longer applicable to this case.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion to change venue, R. Doc. 14, is hereby **DENIED**.

New Orleans, Louisiana this 10th day of May, 2018.

_____
UNITED STATES DISTRICT JUDGE