UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSHUA T. LEWIS** | * | CIVIL ACTION: 17-10917 |
| | * | |
| **VERSUS** | * | SECTION:   M |
| | * | |
| **MARQUETTE TRANSPORTATION** | * | |
| **COMPANY, LLC and MARQUETTE** | * | MAGISTRATE: (5) |
| **TRANSPORTATION COMPANY** | * | |
| **GULF-INLAND, LLC** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINANT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY OF COMPLAINANT'S
<u>VOCATIONAL REHABILITATION EXPERT AND ECONOMIST</u>**

**MAY IT PLEASE THE COURT:**

Defendant herein, Marquette Transportation Company Gulf-Inland, LLC (hereinafter "Marquette"), filed the present Motion in Limine seeking to exclude portions of the testimony of Complainant, Mr. Joshua Lewis', vocational rehabilitation expert, Kasey Crawford, as well as Complainant's economist expert, Dr. Randolph Rice, arguing that both experts' testimony is unreliable of Federal Rule of Evidence 702. Defendant's Motion should be denied by this Court because credibility determinations as to expert testimony is properly addressed on cross-examination at trial, not by exclusion.

**LAW**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Rule 702 provides in pertinent part:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b)   the testimony is based on sufficient facts or data;

1

> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "District courts have wide latitude in determining the admissibility of expert testimony under Rule 702." *Fulford v. Manson Const. Co.*, No. CIV.A. 09-3946, 2010 WL 1903865, at *1 (E.D. La. May 7, 2010), *citing Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988 (5th Cir.1997) (quoting *Eiland v. Westinghouse Electric,* 58 F.3d 176, 180 (5th Cir.1995)). "The expert need not have complete knowledge about the field in question, and need not be certain. He need only be able to aid the jury in resolving a relevant issue." *Mannino v. Int'l Mfg. Co.*, 650 F.2d 846, 850 (6th Cir. 1981). See also, *Huston v. Virgin Islands Asphalt Products Corp.,* (D. V.I., 2003), 2003 US Dist Lexis 25392.

Any "questions relating to the basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility." *McCord v. Fab-Con, Inc.*, No. CIV.A. 11-522, 2013 WL 3490964, at *3 (E.D. La. July 10, 2013), *quoting United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss.,* 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chem. Co.,* 826 F.2d 420, 422 (5th Cir.1987)). "It is the role of the adversarial system, not the court, to highlight weak evidence." *McCord*, 2013 WL 3490964, at 3, *citing Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir.2004). As the Supreme Court observed in *Daubert v. Merrell Dow Pharm., Inc.*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993).

In *McCord v. Fab-Con, Inc.*, the Eastern District of Louisiana denied a Defendants' Motion in Limine to exclude the testimony of a Plaintiff's proposed vocational rehabilitation expert and economist expert, arguing that the experts' opinions contained within their respective reports were unreliably based upon factual information and data – specifically, an inaccurate wage base. 2013 WL 3490964, at 2. The Court ultimately denied the Defendant's Motions, indicating, "The Court finds that Defendant's concerns regarding the wage base on which Dr. Rice based his opinions and the academic testing scores on which [Plaintiff's vocational rehabilitation counselor] based his opinions should be handled through cross-examination and the presentation of contrary evidence, not exclusion." *Id.* at 3; *see also Morris v. Liberty Mut. Ins. Co.,* No. 08–4247, 2011 WL 317741, at *2 (E.D.La. Jan. 31, 2011).

Similarly, in *Arceneaux v. Lexington Ins. Co.*, No. 3:11-CV-00423, 2013 WL 5839325, at *2 (M.D. La. Oct. 30, 2013), the Middle District of Louisiana denied the Defendants' Motions in Limine seeking to exclude the testimony of a Plaintiff's proposed vocational rehabilitation expert and economist expert again citing *Daubert*, concluding, "the credibility and the amount of weight that should be applied to the opinions of the countervailing experts are better left to the consideration of the trier of fact."

**ARGUMENT**

Defendant's Motion in Limine to exclude the testimony of Complainant's vocational rehabilitation counselor, Kasey Crawford, and economist, Dr. Randolph Rice, should be denied under the principles set forth in *Daubert* because Defendant's issues concerning the testimony of either Ms. Crawford or Dr. Rice are more properly addressed on cross-examination at trial – not through exclusion.

In formulating her expert opinions contained within her report, Ms. Crawford relied upon a number of resources listed in her report, including Mr. Lewis' pertinent medical records, a

3

transferable skills analysis and government statistics. Additionally, Ms. Crawford also conducted an in person interview of Complainant, Mr. Lewis, on May 4, 2018, which she utilized in the formulation of her expert report. At that time, Mr. Lewis expressed his plans to advance his career to that of a tugboat captain prior to being involved in the accident that forms the basis of the present suit. At the time of his accident herein, Mr. Lewis was a 27 year old mate. First, based upon the fact that Mr. Lewis had already risen to the position of mate at 27 years old, it is clear that he was advancing at an early age and had significant drive. More specifically, during the short time Mr. Lewis worked for Defendant, which was under three years, he advanced from a green deckhand (inexperienced) to a regular deckhand to a senior deckhand to lead man and finally, before his accident, to relief mate. This evidence, which shall be adduced at trial, supports Mr. Lewis' plans to become a vessel captain. This is not the case where an injured seaman worked as a deckhand for years without any advancement and then suffered an injury and testified that he planned to become a captain. Thus, Ms. Crawford's opinions concerning Mr. Lewis' plans to become a vessel captain were based upon Mr. Lewis' actual work history, advancement history and direct statements at the time of his interview with Ms. Crawford and, therefore, are not speculative. And of course, Dr. Rice's opinions concerning the likelihood that Mr. Lewis would have obtained his captain's license and worked as a captain in the marine industry piggy-backs off of the work history of Mr. Lewis as described by Mr. Lewis, his work employment records with Defendant, his work advancement history with Defendant and Ms. Crawford's opinion. However, regardless of whether or not this Court determines that the testimony of Ms. Crawford and/or Dr. Rice is speculative concerning Mr. Lewis' likelihood of advancing his career, the law makes very clear that any questions relating to the basis and/or sources of an expert's opinion do not affect their admissibility, but, instead, simply affect the weight to be assigned to their opinion at trial. Accordingly, as Defendant does not take issue with either Ms. Crawford or Dr. Rice's expert qualifications in their

respective fields, it is not appropriate to make a credibility determination before trial concerning Mr. Lewis' plans to obtain his captain's license and work as a captain.

## CONCLUSION

Complainant herein, Mr. Joshua Lewis, respectfully requests this Court deny Defendant, Marquette's, Motion in Limine seeking to exclude the testimony of Complainant's retained vocational rehabilitation expert, Kasey Crawford, and economist, Dr. Randolph Rice, because credibility determinations concerning Mr. Lewis' plans to obtain his captain's license and work as a captain are not appropriately decided before trial.

Respectfully submitted,

DISCON LAW FIRM
BY: S/ THOMAS M. DISCON
THOMAS M. DISCON, T.A. #14219
CHARLOTTE DISCON STRIEF, #35751
424 N. Causeway Boulevard, Ste. A
Mandeville, Louisiana  70448
Telephone: (985) 674-9748
Facsimile: (985)674-9749
Attorneys for Complainant

## CERTIFICATE OF SERVICES

I hereby certify that on January 11, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system to all CM/ECF participants. I also certify that the above and foregoing has this date been forwarded by U.S. Mail, postage prepaid and properly addressed to the non-CM/ECF participants.

S/ THOMAS M. DISCON
THOMAS M. DISCON