UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA T. LEWIS

VERSUS

MARQUETTE TRANSPORTATION
COMPANY, LLC, *et al.*

CIVIL ACTION

NO. 17-10917

SECTION M (5)

## ORDER & REASONS

Before the Court are motions *in limine* to exclude the expert testimony of Robert Borison ("Borison"),[1] Kasey L. Crawford ("Crawford"), and G. Randolph Rice ("Rice"),[2] filed by defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), to which plaintiff Joshua T. Lewis ("Lewis") responds in opposition,[3] and in support of which Marquette replies.[4] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

## I.     BACKGROUND

This litigation arises from injuries allegedly sustained by Lewis on or about January 10, 2017, when he slipped and fell on the deck of the M/V *Steve Richoux*, owned and operated by Marquette.[5] While carrying empty, five-gallon buckets under his right arm, Lewis exited the rudder room on the starboard side of the vessel. According to Lewis, as he stepped with his right foot over the threshold of the rudder room's watertight door, his right foot slipped forward and leftward while his left foot remained firmly on the deck inside the rudder room, causing his left knee to strike the deck.[6] Lewis alleges that the surface of the deck was unsafe because it was not

[1] R. Doc. 53.
[2] R. Doc. 54.
[3] R. Docs. 65 & 64.
[4] R. Docs. 69 & 71.
[5] R. Doc. 1 at 2; *see* R. Doc. 4.
[6] R. Doc. 53-3 at 14-22.

properly coated with non-skid.[7]   Lewis seeks damages under the Jones Act for Marquette's

alleged negligence and under general maritime law for unseaworthiness.[8]

## II.   PENDING MOTIONS

Marquette first seeks to exclude the testimony of Borison, Lewis' purported liability

expert in marine safety.[9]   Marquette asserts that Borison lacks expertise to testify on opinions of

physics and biomechanics, which Marquette claims is required for Borison to offer his opinion

about water's effect of "decreas[ing] the coefficient of friction in areas where little to no non-

skid coating was applied."[10]   Marquette also contends that Borison's opinions concerning the

conditions of this slip and fall lie within the common knowledge of laypersons and will not be

helpful in assisting the trier of fact.[11]   In support of this contention, Marquette cites *Roy v.*

*Florida Marine Transporters, Inc.*, 2004 WL 551208 (E.D. La. July 10, 2013), where the court

excluded Borison's expert testimony concerning the absence of non-skid material on a deck

surface in a maritime slip-and-fall case.[12]   Finally, Marquette argues that Borison's testimony is

unreliable because he bases his opinion only on Lewis' testimony that the deck lacked a non-skid

surface, which contradicts other crewmembers' testimony, and on Borison's own inspection of

the surface two years after the incident.[13]   Marquette also claims that Borison's testimony is

unreliable because his opinions are unsupported by testing and do not address alternative

causes.[14]

Lewis argues that Borison's testimony should not be excluded because Borison's

---

[7] R. Doc. 1 at 2; *see* R. Doc. 4.
[8] R. Doc. 1 at 2-3; *see* R. Doc. 4.
[9] R. Doc. 53.
[10] R. Doc. 53-1 at 6-7.
[11] *Id.* at 7-9.   Although Marquette's initial memoranda in support of its motions *in limine* were filed at the time the case was to be tried to the judge, the Court granted Lewis' motion for a jury trial after the case was transferred to this section of court.  R. Doc. 57.  Marquette acknowledges this shift in its reply memoranda.  R. Docs. 69 at 1; 71 at 1.
[12] R. Doc. 53-1 at 9.
[13] *Id.* at 9-12; R. Doc. 69 at 3.
[14] R. Doc. 53-1 at 11-12.

expertise in maritime safety will aid the jury in understanding safety standards that are unique to the maritime industry and generally not within a juror's common knowledge.[15] Lewis contends that laypersons are typically not familiar with maritime industry standards governing the inspection and maintenance of vessels or the proper application of a non-skid coating on a vessel like the M/V *Steve Richoux*.[16] Finally, to the extent Marquette contests Borison's reliability, Lewis argues that such concerns may be addressed through cross-examination, the presentation of contrary evidence, and instruction on the burden of proof.[17]

Marquette's second motion *in limine* seeks to exclude the testimony of Lewis' vocational rehabilitation expert, Crawford, and expert economist, Rice. Marquette does not challenge Crawford or Rice's qualifications but argues that their opinions on Lewis' lost wages are speculative because they assume that Lewis would be promoted from relief mate to vessel captain, even though he held no maritime licenses and never applied for or obtained any U.S. Coast Guard mariner credentials.[18] Marquette relies upon *Mayne v. Omega Protein Inc.*, 370 F. App'x 510 (5th Cir. 2010), for the proposition that past wages, with evidentiary support, are the only permissible basis upon which an expert may calculate lost wages.[19] Lewis counters that evidence exists to support his advancement and that Marquette's motion merely challenges the bases of the experts' opinions, which go to the weight, not the admissibility, of the evidence.[20]

## III.   LAW & ANALYSIS

A district court has discretion to admit or exclude expert testimony under the Federal Rules of Evidence. *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997). In *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires a

---

[15] R. Doc. 65 at 3-6.
[16] *Id.* at 4-6.
[17] *Id.* at 6-10.
[18] R. Doc. 54-1.
[19] *Id.* at 5-6.
[20] R. Doc. 64.

district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The reliability inquiry requires a court to assess whether the reasoning or methodology underlying the expert's testimony is valid. *See Daubert*, 509 U.S. at 592-93. In *Daubert*, the Supreme Court listed several non-exclusive factors for a court to consider in assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) the general acceptance of the methodology in the scientific community. *Id.* at 593-95. However, a court's evaluation of the reliability of expert testimony is flexible because "[t]he factors identified in *Daubert* may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire v. Carmichael*, 526 U.S. 137, 150 (1999). In sum, the district court must ensure "that an expert, whether basing testimony upon professional studies or personal experiences, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. The party offering the testimony must establish its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Next, the district court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, *i.e.*, whether it is relevant. *Daubert*, 508 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors or requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 156 (5th Cir. 2003). Further, an expert cannot make "legal conclusions reserved for the court," credit or discredit witness testimony, or "otherwise make factual determinations reserved for the trier of fact." *Highland Capital Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486, 491 (5th Cir. 2014).

Rule 702 also requires that an expert be properly qualified. Generally, if there is some reasonable indication of qualifications, the district court may admit the expert's testimony, and then the expert's qualifications become an issue for the trier of fact. *Rushing v. Kan. City S. Ry.*, 185 F.3d 496, 507 (5th Cir. 1999), *superseded in part by statute on other grounds as noted in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002). A witness qualified as an expert is not strictly confined to his area or practice, but may testify regarding related applications; a lack of specialization goes to the weight, not the admissibility of the opinion. *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 2018 WL 4932716, at *3 (5th Cir. Oct. 10, 2018) (quotations and citations omitted).

### 1. Borison

Borison's curriculum vitae shows forty years of experience in the maritime industry, including six years as a safety representative of Amerada Hess Corporation and sixteen years as safety supervisor at McDermott, Inc., which involved creating and implementing safety rules for vessels.[21] Although Borison holds no expertise in physics or biomechanics, such expertise is not required for Borison to provide an expert opinion of the safety standards applicable in the

---

[21] *See* R. Doc. 53-8 at 14, 22-24.

maritime industry, which he is qualified to do. However, in his report, Borison cites only to general statements from the Responsible Carrier Program and Code of Federal Regulations he says inform his opinions that Marquette failed to provide a safe walking surface and platforms on either side of the watertight door and failed to inspect the vessel.[22] Instead, these statements fall within the domain of common sense matters, upon which the jury requires no expert assistance. None of them reflects industry standards that are not within the common knowledge of jurors. In *Roy*, the court excluded Borison's testimony in part because his opinion did not depend upon regulations requiring non-skid surfaces or testimony about slippery surfaces that was not within the ken of jurors. Thus, the *Roy* court concluded that Borison's opinion of the non-skid surface's role in the injury would not help the trier of fact resolve an issue. 2004 WL 551208, at *3-4. The same is true here. As a consequence, Borison's proffered opinions about safety regulations and standards do not constitute admissible expert testimony.

Moreover, certain of Borison's opinions are based upon facts gathered years after the accident, without accounting for how conditions might have changed in the intervening years. His inspection of the deck surface two years after the accident is thus suspect, and his resulting opinions are not reliable. *LeBoeuf v. K-Mart Corp.*, 888 F.2d 330, 333 (5th Cir. 1989) (exclusion of expert testimony based on inspection of store premises two years after accident); *Bailey v. Stanley Access Techs., Inc.*, 2015 WL 6828921, at *10 (N.D. Miss. Nov. 6, 2015) (excluding expert testimony based on inspection 18 months after accident because "it's what was happening at the time of the accident that counts"); *cf. Kim v. Crocs, Inc.*, 2019 WL 923879, at *4 n.4 (D. Haw. Feb. 25, 2019) ("One of the primary inquiries when there is a gap in time between an accident and inspection is whether there was a change in the condition of the subject premises.").

---

[22] *Id.* 53-8 at 5-7 (citing the Responsible Carrier Program's requirement of company safety rules, including "non-skid surfaces," and training of the master and relief mate to include "injury prevention, including back training and slip, trip and fall prevention"; and 46 C.F.R. § 140.510, "Identification and mitigation of health and safety hazards," requiring "[t]he owner or managing operator to identify and mitigate health and safety hazards, including but not limited to … [s]lips, trips, and falls").

For all these reasons, the Court finds that Borison's conclusions related to the absence of non-skid material on the deck surface and the absence of steps on either side of the door will not assist the trier of fact, and the Court therefore excludes such testimony.

### 2. Crawford and Rice

Marquette contends that the Fifth Circuit decision in *Mayne* limits any calculation of Lewis' lost wages to his past earnings. The court in *Mayne* found that Rice's expert opinion there relied upon an arbitrary number, supplied by the plaintiff's attorney, that was higher than the plaintiff's actual past annual earnings. Reasoning that "an award for damages cannot stand when the evidence to support it is speculative or purely conjectural," and noting that the lost wages award was based on an assumption about the plaintiff's income that had "insufficient evidentiary support," the court vacated the award of damages. 370 F. App'x at 517-18 (quoting *Masinter v. Tenneco Oil Co.*, 929 F.2d 191, 194 (5th Cir. 1991)). Unlike Rice's expert opinion in *Mayne*, Crawford and Rice premise their opinions in this case on Lewis' work history of advancement from deckhand to senior relief mate and his testimony that he planned to become a vessel captain.[23] Thus, Crawford and Rice's opinions are admissible because they are rooted in at least some evidentiary support, the strength of which (including Crawford's reliance upon Lewis' stated intentions and Rice's assumptions in calculating wage loss) may be handled through cross-examination and the presentation of contrary evidence. *See Morris v. Liberty Mut. Ins. Co.*, 2011 WL 317741, at *2 (E.D. La. Jan. 31, 2011) (an expert's "questionable assumptions" used to calculate lost wages are appropriately addressed on cross-examination). After all, "questions relating to the bases of an expert's opinion go to weight, not admissibility." *Id.* (citing *United States v. 14.38 Acres of Land, More or Less*, 80 F.3d 1074, 1077 (5th Cir. 1996)).

---

[23] *See* R. Docs. 54-6 at 1-6; 54-7 at 1-4.

## IV.   CONCLUSION

Accordingly,

IT IS ORDERED that Marquette's motion *in limine* to exclude the expert testimony of Borison (R. Doc. 53) is GRANTED.

IT IS FURTHER ORDERED that Marquette's motion *in limine* to exclude the expert testimony of Crawford and Rice (R. Doc. 54) is DENIED.


New Orleans, Louisiana, this 11th day of April, 2019.


_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE